IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA D. SUMMERS                                                                PLAINTIFF

v.                                        CIVIL NO. 21-3002

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lisa D. Summers, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on January 6, 2015, alleging an inability to work since January 1, 2015, due to osteoarthritis, chronic obstructive pulmonary disease, asthma, emphysema, and fibromyalgia. (Tr. 139, 354, 361). For DIB purposes, Plaintiff maintained insured status through June 30, 2017. (Tr. 368). An administrative [video?] hearing was held on December 2, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 85-118).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

In a written decision dated February 27, 2018, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 206-212). On October 23, 2018, the Appeals Council entered an order remanding the case back to the ALJ. (Tr. 221-222). A supplemental administrative hearing before the ALJ was held on April 9, 2019. (Tr. 54-83).

By written decision dated February 28, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic pulmonary insufficiency; osteoarthritis; obstructive sleep apnea; chronic obstructive pulmonary disease; diverticulitis; squamous cell carcinoma; urinary tract disorder; fibromyalgia; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 33). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for about 6 hours in an 8-hour workday with normal breaks. She can sit for about 6 hours in an 8-hour workday with normal breaks. She can push and/or pull as much as she can lift and/or carry. She must avoid even moderate exposure to gas, fumes, odors, dust, and poorly ventilated areas.

(Tr. 33). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a mailroom clerk, a storage rental clerk, and a battery inspector. (Tr. 42).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 16, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's RFC as it fails to account for her intractable pain; and 2) the evidence does not support that ALJ's Step Five determination. (ECF No. 15). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. Medical records reveal Plaintiff reported up to fifty percent decreased pain with treatment. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (impairments that are controlled or amenable to treatment do not support

a finding of total disability). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a mailroom clerk, a storage rental clerk, and a battery inspector. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 15th day of November 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE